**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-20177

In Re:   DIANNE THOMPSON; ZURICH INSURANCE CO.

Petitioners.

Petition for Writ of Mandamus to the United States District
Court for the Southern district of Texas
(H-96-CV-3762)

June 2, 1998

Before DUHÉ, DEMOSS and DENNIS, Circuit Judges.

PER CURIAM:[1]

We are asked to mandamus the district court and thereby require it to remand this case to the State court from which it was removed.  We reverse the district court's decision and vacate her order denying remand; deny mandamus without prejudice to it being reurged; and remand this case to the district court to consider the issue of diversity jurisdiction.

BACKGROUND

In a damage suit in federal court in Texas, tenants of Fondren Green Apartments sued the apartment management company, various

---

[1]  Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit R. 47.5.4.

insurance companies, and other defendants for injuries allegedly caused when chlordane was sprayed inside their apartments. A settlement was reached and the presiding district judge entered an order which determined that a minor and an incompetent, who were among the plaintiffs, were properly before the court; he then granted the joint motion to dismiss the case with prejudice because it had been settled. His order did not adopt nor approve the terms of the settlement.

The present suit, originally brought in state court, arises from the settlement and is brought on behalf of the same plaintiffs who now claim that they were induced to settle for less than the true value of their claim because of fraud practiced on them by the present defendants. Plaintiffs allege that the management company disclosed in the first suit that there were potentially three insurance policies applicable to the claimed losses with limits of $300,000, $10,000,000 and $15,000,000 respectively. Attorneys for the management company and the insurers allegedly indicated to plaintiffs' counsel that coverage under the $15,000,000 policy had been denied and that the $300,000 policy had been exhausted by earlier settlements. The only remaining policy, they represented, had less than $10,000,000 in remaining benefits available. The case settled for $10,000,000.

Later, it is presently alleged, plaintiffs learned that the information concerning the availability of insurance benefits was not accurate, and that coverage under the $15,000,000 policy had

2

not been denied and was available.  Plaintiffs then brought the present suit in state court seeking damages for fraudulent inducement in making the settlement.

Defendants removed the present suit to the southern district of Texas, and plaintiffs moved to remand.  The district court determined that the present action was simply an artfully pled attempt to attack the prior federal judgment of dismissal and thus gave rise to federal question jurisdiction.  She therefore denied remand.  Plaintiffs then sought mandamus.  We retained jurisdiction and remanded to the district court to consider the effect, if any, of the intervening opinion of the Supreme Court in Rivet v. Regions Bank,___ U.S. ___, 118 S. Ct. 921 (Feb. 24, 1998).  She did so, correctly concluding that Regions was not dispositive of this case.  The matter is now before us again.

DISCUSSION

We hold that the district court erred in holding that the present fraud suit is an attack upon the initial federal judgment dismissing the original tort case.  Therefore, we hold that the district court does not have subject matter jurisdiction.

The present suit is one for damages for fraud.  It does not seek to reopen the dismissed case nor does it question the validity of the judgment dismissing that case.  It claims that the fraud was practiced upon the parties, not upon the court.  Thus, our decision in Villarreal v. Brown Express, Inc., 529 F.2d 1219 (5th Cir. 1976)

3

is not applicable.  There we upheld removal because plaintiff was using the second state court suit to increase his personal injury recovery and to circumvent two orders of the federal court.  Here plaintiffs are not trying to circumvent the order of dismissal.  Rather, they allege a separate state law cause of action for which they seek damages.  The issue of the first suit (whether spraying the chemical caused injury) is not at issue in the present suit for fraud.  For these reasons we reverse and vacate the district court's judgment denying the motion to remand.  We deny mandamus, however, because the issue of diversity jurisdiction raised by the parties has not been dealt with by the district court.  She had no need to consider it once she disposed of the remand issue on the ground of federal question jurisdiction.  We express no opinion as to the allegations of fraudulent joinder of parties, nor as to the presence or absence of diversity jurisdiction, but remand to the district court to consider those issues.  We do not retain jurisdiction of the matter pending her decision.

REVERSED AND REMANDED; MANDAMUS DENIED.